UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

DARIUS MOSS,

        Petitioner,

v.

C. HOLINKA, Warden,

        Respondent.

Civil No. 06-1776 (DSD/AJB)

**REPORT AND RECOMMENDATION**

This matter is before the undersigned United States Magistrate Judge on Petitioner's application for habeas corpus relief under 28 U.S.C. § 2241. The case has been referred to this Court for report and recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1. For the reasons discussed below, it is recommended that the petition for writ of habeas corpus be summarily dismissed pursuant to Rule 4 of The Rules Governing Section 2254 Cases In The United States District Courts.[1]

**I.   BACKGROUND**

In 1997, Petitioner was convicted in the United States District Court for the District of Nebraska on charges of conspiracy to possess with intent to distribute crack cocaine, and possession with intent to distribute crack cocaine. Petitioner received a 360-month federal prison sentence, based in part on the amount of cocaine involved in his offense.

---

[1] Rule 4 provides that "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Although The Rules Governing Section 2254 Cases are most directly applicable to habeas petitions filed by state prisoners pursuant to 28 U.S.C. § 2254, they also may be applied to habeas cases brought under 28 U.S.C. § 2241. Rule 1(b); Mickelson v. United States, Civil No. 01-1750 (JRT/SRN), (D.Minn. 2002), 2002 WL 31045849 at *2; Bostic v. Carlson, 884 F.2d 1267, 1270, n.1, (9th Cir. 1989); Rothstein v. Pavlick, No. 90 C 5558 (N.D.Ill. 1990), 1990 WL 171789 at *3.

The amount of the cocaine involved in the offense apparently was determined by the trial judge alone, and not by a jury. Petitioner's conviction and sentence were affirmed on his direct appeal to the Eighth Circuit Court of Appeals. United States v. Moss, 138 F.3d 742 (8th Cir. 1998). Petitioner is currently serving his 360-month sentence at the Federal Correctional Institution in Waseca, Minnesota.

Approximately two years after Petitioner's conviction and sentence were upheld on direct appeal, the United States Supreme Court handed down its decision in Apprendi v. New Jersey, 530 U.S. 466 (2000). In that case, the Court held that factual determinations affecting sentencing, (other than prior convictions), which result in a sentence greater than the statutory maximum, must be made by a jury, rather than a judge alone, and must be proved "beyond a reasonable doubt." Id. at 490 ("[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt").

In United States v. Aguayo-Delgado, 220 F.3d 926 (8th Cir.), cert. denied, 531 U.S. 1026 (2000), the Eighth Circuit Court of Appeals acknowledged that Apprendi effectively overturned previous Circuit Court decisions, including United States v. Wood, 834 F.2d 1382 (8th Cir. 1987), which had held that factual determinations that affect only sentencing could properly be made by a judge alone, without a jury. In light of Apprendi and Aguayo-Delgado, as well as the Supreme Court's later decisions in Blakely v. Washington, 542 U.S. 296 (2004), and United States v. Booker, 543 U.S. 220 (2005), it is now clear that a defendant who is convicted of a controlled substance offense cannot be sentenced beyond the statutory maximum, based on the quantity of drugs involved in his offense, unless the drug quantity is charged by indictment, and found beyond a reasonable doubt by a jury.

After Apprendi and Aguayo-Delgado were decided, Petitioner filed a motion in the trial court, seeking relief under 28 U.S.C. § 2255. He argued that his sentence should be vacated pursuant to Apprendi, because his sentence was based on a drug quantity determination made solely by the trial court judge. Petitioner's § 2255 motion was denied, and he appealed. In United States v. Moss, 252 F.3d 993 (8th Cir. 2001), cert. denied, 534 U.S. 1097 (2002), the Court of Appeals held that Petitioner was not entitled to relief based on Apprendi, because the new procedural rules announced in Apprendi, (and acknowledged in Aguayo-Delgado), are not retroactively applicable, and claims based on those new rules cannot be raised for the first time on collateral review. Id. at 996-1000.

Petitioner attempted to re-raise his Apprendi claims in several subsequent proceedings, including motions brought under Fed. R. Civ. P. 60(b) and 59(e), (see United States v. Moss, No. 05-2700 (8th Cir. Apr. 6, 2006), 2006 WL 870796 (unpublished opinion)), and an application for permission to file a second or successive § 2255 motion, (see Petitioner's "Memorandum Of Law In Support Of Habeas Corpus Pursuant To Title 28 U.S.C. § 2241," [Docket No. 2], p. 2). Having failed in all of those previous proceedings, Petitioner is now attempting to challenge his sentence (once again) in his present application for a writ of habeas corpus, brought under 28 U.S.C. § 2241.

However, the Court finds, for the reasons discussed below, that Petitioner cannot raise his current claims for relief in a § 2241 habeas corpus petition. It will therefore be recommended that this action be summarily dismissed for lack of jurisdiction.

**II.   DISCUSSION**

As a general rule, a federal prisoner can maintain a collateral challenge to his conviction or sentence only by filing a motion in the trial court pursuant to 28 U.S.C. § 2255.

Abdullah v. Hedrick, 392 F.3d 957, 959 (8th Cir. 2004), cert. denied, 125 S.Ct. 2984 (2005). The fifth paragraph of § 2255 provides that

> "[a]n application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section [i.e., § 2255], shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention." (Emphasis added.)

Thus, "[i]t is well settled a collateral challenge to a federal conviction or sentence must generally be raised in a motion to vacate filed in the sentencing court under § 2255... and not in a habeas petition filed in the court of incarceration... under § 2241." Hill v. Morrison, 349 F.3d 1089, 1091 (8th Cir. 2003). In effect, a motion brought in the trial court under § 2255 is the exclusive remedy available to a federal prisoner who is asserting a collateral challenge to his conviction or sentence. No court has jurisdiction to hear such a challenge under 28 U.S.C. § 2241 (or otherwise), unless the petitioner has affirmatively demonstrated that the remedy provided by § 2255 "'is inadequate or ineffective to test the legality of...[his] detention.'" DeSimone v. Lacy, 805 F.2d 321, 323 (8th Cir. 1986) (per curiam), quoting 28 U.S.C. § 2255. See also Von Ludwitz v. Ralston, 716 F.2d 528, 529 (8th Cir. 1983) (per curiam) (same). The "inadequate or ineffective remedy" exception is sometimes called the "savings clause," (Abdullah, 392 F.3d at 959), because when it applies, it can save a § 2241 habeas petition from being dismissed under the § 2255 exclusive remedy rule.

In this case, it is readily apparent that Petitioner is challenging the validity of his federal prison sentence. Therefore, the present petition is barred by § 2255's exclusive remedy rule – unless the savings clause applies here.

In some cases, a § 2241 petition that is barred by the exclusive remedy rule can simply be construed to be a motion brought under § 2255. The matter can then be transferred to the trial court judge so the prisoner's claims can be addressed on the merits there. Here, however, Petitioner is precluded from seeking relief under § 2255, because he has already sought such relief at least once before. Any new request for § 2255 relief that might now come before the trial court would have to be treated as a "second or successive" § 2255 motion, which, under the Anti-terrorism and Effective Death Penalty Act, ("AEDPA"), could not be entertained by the trial court without the prior approval of the Circuit Court of Appeals for the circuit where Petitioner was convicted. 28 U.S.C. §§ 2244(b)(3) and 2255 (final paragraph).

Without a pre-authorization order from the appropriate circuit court, a trial court cannot exercise jurisdiction over a second or successive § 2255 motion. Nunez v. United States, 96 F.3d 990, 991 (7th Cir. 1996); see also Boykin v. United States, No. 99-3369 (8th Cir. 2000), 2000 WL 1610732 (unpublished opinion). Because the instant Petitioner has not obtained a pre-authorization order from the Eighth Circuit Court of Appeals, the trial court judge could not entertain a new § 2255 motion at this time. Id. Therefore, it would not be appropriate to construe the present habeas corpus petition as a § 2255 motion and attempt to transfer this matter to the court in which Petitioner was convicted and sentenced.

It also appears that any § 2255 motion that Petitioner might attempt to bring before the trial court at this time would be time-barred under the one-year statute of limitations applicable to § 2255 motions. 28 U.S.C. § 2255[ ¶ 6 ]. For this additional reason, it would be inappropriate to construe the present petition to be a § 2255 motion, and then transfer it to the trial court.

5

Furthermore, it is clear that Petitioner deliberately elected to seek relief under the § 2241 habeas corpus statute, based on his belief that the remedy provided by § 2255 is "inadequate or ineffective to test the legality" of his sentence. He contends that his current petition is exempt from § 2255's exclusive remedy rule under the savings clause, and that he <u>can</u> challenge his conviction and sentence in a habeas proceeding, because he is not presently eligible for relief under § 2255, and because he claims to be "actually innocent." The Court rejects those arguments.

The rule against successive § 2255 motions, and the one-year statute of limitations, would be rendered meaningless if a prisoner who is procedurally barred from bringing a § 2255 motion could simply argue that the remedy provided by that statute has become "inadequate or ineffective," and that he should therefore be allowed to bring his claims in a § 2241 habeas corpus petition. Congress could not have intended for the rules governing successive § 2255 motions, and the statute of limitations, to be so easily evaded. Thus, the Eighth Circuit Court of Appeals has expressly confirmed that § 2255 will not be viewed as inadequate or ineffective "merely because § 2255 relief has already been denied,... or because petitioner has been denied permission to file a second or successive § 2255 motion... or because a second or successive § 2255 motion has been dismissed, ... or because petitioner has allowed the one year statute of limitations and/or grace period to expire." <u>United States v. Lurie</u>, 207 F.3d 1075, 1077 (8th Cir. 2000) (citations omitted). <u>See also</u> <u>Hill</u>, 349 F.3d at 1091 ("in order to establish a remedy is 'inadequate or ineffective' under § 2255, there must be more than a procedural barrier to bringing a § 2255 petition"); <u>Abdullah</u>, 392 F.3d at 959 ("§ 2255 is not inadequate or ineffective merely because the claim was previously raised in a § 2255 motion and denied, or because a remedy under

6

that section is time-barred"); United States ex rel Perez v. Warden, FMC Rochester, 286 F.3d 1059, 1061-62 (8th Cir.) (reaffirming that § 2255 is not rendered inadequate or ineffective by operation of the rules limiting successive § 2255 motions), cert. denied, 537 U.S. 869 (2002).

In Perez, the Eighth Circuit Court of Appeals held that federal prisoners cannot bring claims based on the Supreme Court's Apprendi decision in a § 2241 habeas corpus petition, because, even though "a federal prisoner may never ventilate an Apprendi issue in a § 2255 motion," § 2255 is not considered to be an inadequate or ineffective remedy for such claims. 286 F.3d at 1062. The Court explained its ruling in Perez as follows:

> "[Appellants'] contend § 2255 is inadequate or ineffective because it is the impediment to the relief they seek. But this is not so. Their true impediment is Apprendi itself, not the remedy by § 2255 motion. To be more precise, appellants are hamstrung because the Supreme Court has not yet ruled (and indeed may never rule) that Apprendi applies retroactively to past criminal convictions. Neither... [of the appellants] may raise an Apprendi claim in a second § 2255 motion unless and until Apprendi applies retroactively."

Id. (emphasis added). The Court later added that –

> "Appellants' attempts to gain relief [under Apprendi] have not been hampered by the § 2255 remedy itself. Rather, they cannot presently obtain relief because the constitutional doctrine announced in Apprendi has not been made retroactive by the Court."

Id.

The Court's holding in Perez is directly applicable to Petitioner's current claims based on Apprendi, (and the Court's reasoning in Perez is directly applicable to Petitioner's claims based on Blakely and Booker[2]). As the Court of Appeals explained in Perez, it is

---

[2] See Never Misses A Shot v. United States, 413 F.3d 781, 783 (8th Cir. 2005) (per curiam) ("the 'new rule' announced in Booker does not apply to criminal convictions that became final before the rule was announced, and thus does not benefit movants in

7

the absence of retroactive applicability – not any deficiency in the remedy provided by § 2255 – that precludes Petitioner from raising his Apprendi-based claims in a § 2255 motion. According to Perez:

> "§ 2255 is not inadequate or ineffective simply because a new constitutional doctrine which could reduce a federal prisoner's existing sentence cannot be applied retroactively...[; but rather it is] the new constitutional doctrine's non-retroactivity... [that] prevents the federal prisoner from correcting his sentence. Of course, that impediment cannot be charged to the § 2255 remedy."

286 F.3d at 1062. Therefore, it cannot be said that the remedy provided by § 2255 is "inadequate or ineffective" for Petitioner's Apprendi-based claims.

Finally, Petitioner has attempted to overcome the § 2255 exclusive remedy rule by arguing that he is "actually innocent" of the crime and sentence for which he is now imprisoned. He contends that the Eighth Circuit's decision in Aguayo-Delgado "redefined" the statute under which he was convicted and sentenced to make it comport with Apprendi, and that he is "actually innocent," because he was never found guilty under the statute as it was (supposedly) "redefined" by Aguayo-Delgado. According to Petitioner, Aguayo-Delgado "clearly established a substantive change in statutory law, bringing about an intervening change in law that allows collateral relief too [sic] premised upon the Eighth Circuit Court of Appeals' [new] interpretation of [21 U.S.C.] § 841(b)." (Petitioner's "Memorandum Of Law In Support Of Writ Of Habeas Corpus [etc.]," p. 5.)

Petitioner's "actual innocence" argument fails because it is based on the erroneous premise that Aguayo-Delgado somehow "redefined" the substantive elements of the offense for which he was convicted, or the factors on which his sentence was based.

---

collateral proceedings").

Clearly, neither Apprendi nor Aguayo-Delgado affected the substantive elements of the criminal statutes under which Petitioner was charged and convicted; nor did those cases affect the sentencing factors that precipitated his sentence. Apprendi and Aguayo-Delgado, (as well as Blakely and Booker), affected only the process – i.e., the standards and procedures – to be used for determining sentencing factors.

Petitioner is simply wrong when he contends that Aguayo-Delgado "redefined § 841(b)'s aggravating factors as elements of separate substantive crimes and not [sentencing] factors," (Petitioner's "Memorandum Of Law In Support Of Writ Of Habeas Corpus," p. 7), and when he contends that he is "actually innocent," because he was never found guilty of the supposedly redefined crime and sentencing factors. Apprendi and its progeny did not affect the criminality of the acts and circumstances that caused Petitioner's conviction; nor did those cases affect the applicable penalties for Petitioner's crimes. Again, Apprendi and Aguayo-Delgado merely changed the procedures and standards for determining how defendants should be sentenced. Furthermore, the body of evidence supporting Petitioner's conviction and sentence remains unchanged. Thus, there has been no change in the law, or the evidence, that makes Petitioner "actually innocent," and exonerates him from his conviction and sentence.

### III.   CONCLUSION

In sum, the Court finds that: (1) Petitioner's current application for habeas corpus relief challenges the validity of the prison sentence he is currently serving; (2) such challenges can be raised only in a motion for relief under 28 U.S.C. § 2255, unless the remedy provided by that statute is "inadequate or ineffective;" (3) the instant petition cannot be construed as a § 2255 motion, because Petitioner is barred from seeking relief under

§ 2255 by the rules governing successive petitions and the statute of limitations; and (4) neither Petitioner's present inability to seek relief under § 2255, nor his claim of "actual innocence," causes the remedy provided by § 2255 to be "inadequate or ineffective" so as to excuse him from § 2255's exclusive remedy rule.  Thus, the Court concludes that Petitioner's current § 2241 habeas corpus petition cannot be entertained here, and that this action must be summarily dismissed for lack of jurisdiction.  See DeSimone, 805 F.2d at 323-24 (§ 2241 habeas petition challenging criminal conviction was properly dismissed for lack of subject matter jurisdiction, where petitioner had not demonstrated that § 2255 motion was an inadequate or ineffective remedy); Abdullah, 392 F.3d at 964 ("[b]ecause Abdullah did not show that § 2255 was inadequate or ineffective, the district court correctly concluded that it had no jurisdiction to consider his claim in a § 2241 petition").

### IV. RECOMMENDATION

Based on the foregoing, and all the files, records and proceedings herein,

**IT IS HEREBY RECOMMENDED** that:

1. Petitioner's application for habeas corpus relief under 28 U.S.C. § 2241, (Docket No. 1), be DENIED; and

2. This action be summarily DISMISSED for lack of jurisdiction.

Dated: May 23, 2006            s/ Arthur J. Boylan
                               ARTHUR J. BOYLAN
                               United States Magistrate Judge

Pursuant to Local Rule 72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court, and by serving upon all parties, written objections which specifically identify the portions of the Report to which objections are made and the bases for each objection.  This Report and Recommendation does not constitute an order or judgment from the District Court and it is therefore not directly appealable to the Circuit Court of Appeals.  Written objections must be filed with the Court before June 5, 2006.